1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    JETTA J. BAPTISTE,                          Case No.:  1:25-cv-01323-KES-CDB

12              Plaintiff,                         ORDER TRANSFERRING ACTION TO
                                                   THE CENTRAL DISTRICT OF
13         v.                                      CALIFORNIA

14    COUNTY OF ORANGE, *et al.*,

15              Defendants.

16

17         Plaintiff Jetta J. Baptiste ("Plaintiff") initiated this action with the filing of a complaint on

18    October 6, 2025.  (Doc. 1).

19    **Background**

20         In her complaint, Plaintiff asserts that numerous Defendants, many of which are affiliated

21    with the County of Orange and the Orange County Superior Court, deprived her of her

22    constitutional rights. *Id.* at 2-5.  In support of her claims to relief, Plaintiff states that, after bringing

23    an action in Orange County Superior Court seeking unpaid wages and challenging unlawful court

24    actions, Defendants retaliated against her by, *inter alia*, removing the scheduled jury trial from the

25    court's calendar, striking her operative complaint, denying a hearing on her motion for summary

26    judgment motions and motions to compel discovery, as well as seeking a vexatious litigant

27    designation.  *Id.* at 4-49.  Plaintiff's allegations refer to conduct that occurred within Orange

28    County, which lies in the Central District of California.

1    On October 8, 2025, the Court ordered Plaintiff to show cause why this action should not

2    be transferred for improper venue pursuant to 28 U.S.C. § 1391(b). (Doc. 3). Plaintiff timely filed

3    her response to the order to show cause on October 23, 2025. (Doc. 4).

4    In her response, Plaintiff asserts that she "has the right under 28 U.S.C. § 1391 to bring this

5    action where I reside" and that a "plaintiff's choice of forum is entitled to great weight." *Id.* at 12.

6    Plaintiff provides that "several material events occurred after the conclusion of proceedings in

7    Orange County" that "have a direct connection to Plaintiff's Kern County residence" and establish

8    a "sufficient nexus for venue," including "filing of federal claims, preparation of the appellate

9    record, and submission of fee waivers that were later altered or mishandled by Orange County court

10   staff." *Id.* at 4. Plaintiff states that Defendants will suffer no hardship as they are "government

11   officials and agencies with full access to the [s]tate's legal and financial resources." *Id.* at 13. In

12   support of the contention that she has shown she "cannot receive a fair hearing in Orange County"

13   and that transfer of venue would "chill the right of access to courts" (*id.* at 13-14), Plaintiff asserts

14   that, *inter alia*, Orange County state court officials improperly shredded documents, opposing

15   counsel improperly filed documents without notice or hearing, and Orange County judges and

16   attorneys exhibited procedural bias (*id.* at 5-7).

17   Plaintiff attaches to her response numerous documents related to state court proceedings in

18   Orange County. *Id.* at 20-54.

19   **Discussion**

20   Plaintiff asserts claims arising under federal law and sets forth that she resides in the County

21   of Kern. *See* (Doc. 1). As such, venue in this action is governed by 28 U.S.C. § 1391, which

22   provides in relevant part:

23
24   A civil action may be brought in—(1) a judicial district in which any defendant
     resides, if all defendants are residents of the State in which the district is located;
     (2) a judicial district in which a substantial part of the events or omissions giving
25   rise to the claim occurred, or a substantial part of property that is the subject of the
     action is situated; or (3) if there is no district in which an action may otherwise be
26   brought as provided in this section, any judicial district in which any defendant is
     subject to the court's personal jurisdiction with respect to such action.
27

28   28 U.S.C. § 1391(b).

1          Plaintiff bears the burden of showing that venue is proper.  *See Piedmont Label Co. v. Sun*

2   *Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Venue may be proper in multiple districts

3   so long as "a substantial part of the events or omission giving rise to the claim" took place in each

4   district.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("A

5   claim arises in any district in which a substantial part of the acts, events, or omissions occurred that

6   gave rise to the claim").  Though section 1391 does not require that a majority of events have

7   occurred within the district where the action is filed, "significant events or omissions material to

8   the plaintiff's claim must have occurred in the district in question, even if other material events

9   occurred elsewhere."  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

10         Here, despite Plaintiff's conclusory assertion that "several material events occurred after

11  the conclusion of proceedings in Orange County" that "have a direct connection to Plaintiff's Kern

12  County residence" (Doc. 4 at 4), none of Plaintiff's cited events in support (filing of federal claims,

13  preparation of the appellate record, submission of fee waivers) constitute significant events material

14  to the claims pleaded in the complaint occurring in the Eastern District of California.  Plaintiff has

15  failed to plead any facts establishing that the Eastern District of California is where a "substantial

16  part of the events or omissions giving rise" to her claim occurred, or that this is where a "substantial

17  part of the property" at issue is situated.  To the contrary, Plaintiff's allegations in her complaint

18  state that the conduct giving rise to Plaintiff's claims occurred in Orange County.

19         In the interest of justice, a federal court may transfer a complaint filed in the wrong district

20  to the correct district.  28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962).

21  Although Plaintiff requests the Court "[r]etain venue," "[d]eny transfer," and "[p]ermit Plaintiff to

22  continue litigating in [her] chosen forum" (Doc. 4 at 15), because venue is not proper in the Eastern

23  District of California, the Court will transfer this action to a proper district (the Central District of

24  California).

25         Even if the Eastern District of California was a proper venue, the Court may sua sponte

26  transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the

27  opportunity to present their views on the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.

28  1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has

3

1  requested transfer, the district court, should, at a minimum, issue an order to show cause why the

2  case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459,

3  at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

4        The Court has provided Plaintiff the opportunity to present her views and Plaintiff has not

5  provided any facts setting forth that the Eastern District of California is where significant material

6  events or omissions material to her claim occurred.  The Court finds that, pursuant to 28 U.S.C. §

7  1391(b), the Central District of California is the proper venue for this action.

8  **Conclusion and Order**

9        For the foregoing reasons, IT IS HEREBY ORDERED that that this matter is transferred

10  to the United States District Court for the Central District of California.

11  IT IS SO ORDERED.

12     Dated:   **October 24, 2025**

13                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4